UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEMETRIUS TRE WILLIAMS, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF EVERETT, et al., <br><br> Defendants. | Case No. C08-1293-MJP-BAT <br><br> REPORT AND RECOMMENDATION |

Plaintiff Demetrius Tre Williams is a state prisoner who has submitted a proposed complaint under 42 U.S.C. § 1983 in which he alleges that his civil rights were violated when he was arrested without probable cause as a result of racial profiling. Dkt. 1. Plaintiff has also presented to this Court an application to proceed *in forma pauperis* ("IFP"). Plaintiff names the City of Everett and Officer Fairchild as defendants in this action. He seeks punitive and compensatory damages for the defendants' alleged unlawful actions. Dkt. 1.

Plaintiff's claims are based on the events surrounding his February 11, 2003 arrest. Proposed Compl., Statement of Facts. Attached to his proposed complaint are the Findings of Fact and Conclusions of Law in Snohomish County Cause No. 03-1-00829-4, dated July 16, 2004, detailing plaintiff's arrest and concluding that the seizure was unconstitutional under both the federal and state constitutions. Proposed Compl., Ex. State law governs the limitations period for

REPORT AND RECOMMENDATION – 1

§ 1983 actions. *Owens v. Okure*, 488 U.S. 235, 250 (1989). The applicable statute of limitations for § 1983 actions brought in Washington State is three years. *See* RCW § 4.16.080(2). Plaintiff filed this complaint on August 28, 2008, more than five years after his arrest, and more than four years after the Superior Court ruled the arrest unconstitutional. Accordingly, it appears from the face of his complaint that the statute of limitations bars his claims.

Moreover, although plaintiff appears to be indigent, his IFP application faces an additional obstacle. It appears from court records that plaintiff has on at least three prior occasions had cases dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted.[1] Under 28 U.S.C. § 1915(g), commonly known as the "three strikes" provision, a prisoner may not be granted IFP status if he has:

> on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, plaintiff's IFP application must be denied unless plaintiff can show that he is under imminent danger of serious physical injury.

In determining whether § 1915(g) bars plaintiff's IFP application, the Court must first put the plaintiff on notice as to the specific cases it considers to be "strikes." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). The burden of persuasion then shifts to plaintiff to show that the prior dismissals should not qualify as strikes and § 1915(g) does not preclude IFP status. *Id.*

---

[1] The Court also notes that, although plaintiff states in his proposed complaint that he has previously filed 2 lawsuits in any federal court while a prisoner (Proposed Compl. at 1), a review of this Court's electronic filing system shows that plaintiff has in fact filed 12 lawsuits in this Court while a prisoner. These cases are: *Williams v. Williams*, No. C94-5556-FDB-JKA; *Williams v. Peterson*, C94-5569-FDB; *Williams v. Johnson*, No. C94-5603; *Williams v. Peterson*, No. 94-5644-RJB-JKA; *Williams v. Fraley*, C94-5652-FBD-JKA; *Williams v. Reyes*, No. C97-1886-WLD-DEW; *Williams v. Morgan*, C98-5191-FBD; *Williams v. Long*, C98-5314-RJB; *Williams v. Snohomish County Corrections*, No. C01-1378-RSL; *Williams v. Cleaven*, No. C04-1732-MJP; *Williams v. Kleven*, No. C08-994-JCC; *Williams v. Bainner*, No. C08-1000-RAJ-JPD.

REPORT AND RECOMMENDATION – 2

The Court hereby provides notice to plaintiff that it considers the following dismissals of his previous cases to count as strikes under § 1915(g):

    (A)    *Williams v. Peterson*, Case No. C94-5569-FDB. In an order approving and adopting a report and recommendation, the Honorable Franklin D. Burgess dismissed plaintiff's complaint as frivolous. Case No. C94-5569-FDB, Dkt. 4.

    (B)    *Williams v. Morgan*, Case No. C98-5191-FDB. In a report and recommendation, United States Magistrate Judge John L. Weinberg recommended dismissing the action as frivolous. Case No. C98-5191-FDB, Dkt. 5. Judge Burgess issued an order adopting the report and recommendation and dismissing plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1). Case No. C98-5191-FDB, Dkt. 6.

    (C)    *Williams v. Long*, Case No. C98-5314-RJB. In a report and recommendation, United States Magistrate Judge J. K. Arnold recommended dismissing the action as frivolous. Case No. C98-5314-RJB, Dkt. 4. The Honorable Robert J. Bryan issued an order adopting the report and recommendation and dismissing plaintiff's complaint under 28 U.S.C. § 1915(e) and for failure to prosecute. Case No. C98-5314-RJB, Dkt. 5.

Plaintiff appears to have three strikes under § 1915(g) and thus must show that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). His complaint, as mentioned, alleges that his civil rights were violated when he was arrested in 2003 without probable cause as a result of racial profiling. But it contains no allegations that he is in imminent danger of serious physical injury.

///

///

///

Because it appears that the statute of limitations bars plaintiff's claims and that plaintiff has three strikes under 28 U.S.C. § 1915(g), the Court recommends that this action be DISMISSED and that plaintiff's application to proceed *in forma pauperis* be DENIED as moot. A proposed order accompanies this Report and Recommendation.

DATED this 11th day of September, 2008.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION – 4